# Everitt's Appeal.

1. National Bank stock is assessable for county purposes under the Acts of April 12th 1867, and April 2d 1868.

2. The Act of Congress of February 10th 1868, forbidding taxation of National Bank stock at a higher rate than other moneyed capital in the hands of individuals, has no reference to property exempted from *all* taxation.

[Everitt's Appeal.]

3. Such stock is to be appraised at its current value in the market where the bank is located.

4. The remedy of the owner for excessive valuation is by appeal to the auditor-general.

March 12th 1872.   Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ.   AGNEW, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Luzerne county* : No. 295, to January Term 1872 : In Equity.

This bill was filed in the court below, May 1st 1871, by M. E. Everitt against B. F. Louder, G. W. Bailey, C. F. Hill and John Steele.

The bill set out that the plaintiff, on the 5th March 1870, was the owner of 157 shares of the capital stock of the Second National Bank of Wilkesbarre, in Luzerne county; incorporated under the Act of Congress, approved 3d June 1864, entitled : "An Act to provide a National Currency," and its supplements; the par value of said stock is $15,700.

The defendants, Bailey, Louder and Hill, are the commissioners of the county of Luzerne, and the defendant, John Steele, is the collector of county taxes.

On or about March 15th 1870, A. H. Ketcham, assessor for the purposes of state taxation, under and by virtue of the Act of Assembly entitled "An Act to increase the revenue of the Commonwealth by taxation of the shares or stock of the National Banks," approved 12th April 1867, valued his stock at $18,212, which assessment plaintiff believed was without authority of law, was also at a greater rate than was assessed and imposed upon other moneyed capital in the hands of individual citizens of this state.

The commissioners, on this assessment, had levied a county tax of 8 mills on the dollar, there being some other classes of moneyed capital exempt from county tax under the laws of this Commonwealth, and on or about May        1870, placed in the hands of the defendant, John Steele, a duplicate with a warrant attached for the collection of this tax; and Steele threatened if the tax be not paid to enforce the collection of the same by a sale of the stock.

Under the 4th section of the Act of Assembly, approved 31st 1870, entitled "An Act providing for the taxation of bank shares," the Second National Bank of Wilkesbarre, before the 20th January 1871, paid into the state treasury a tax of one per centum on the par value of all the shares of that bank, which payment was applied by the auditor-general, without consultation with the said bank or with plaintiff to the tax of 1871; and the auditor-general subsequently demanded and received from the bank a tax of 3 mills for the year 1870.

The prayer was, that the defendants be restrained from the collection of the tax.

[Everitt's Appeal.]

The defendants demurred, and the court (Dana, J.) dismissed the bill.

The plaintiffs appealed to the Supreme Court, and assigned the dismissal of the bill for error.

*H. M. Hoyt* (with whom was *E. P. Darling* and *G. B. Nicholson*), for appellant, cited Act of April 29th 1844, § 32, Pamph. L. 497, 2 Br. Purd. 1380, pl. 147; Act of May 15th 1841, § 4, Pamph. L. 394, 2 Br. Purd. 1359; Acts of Congress June 3d 1864 and May 12th 1868; Act of Assembly March 31st 1870, § 3, Pamph. L. 42, 1 Br. Purd. 143, pl. 96, imposes a tax on National Bank stock at 3 mills per annum on the assessed value for state purposes and for county, school, municipal and local purposes, the same rate as may be assessed on other moneyed capital in the hands of individuals. The assessment could not be higher than par.

*G. R. Bedford,* for appellee, cited Mintzer *v.* Montgomery Co., 4 P. F. Smith 139; Acts of April 12th 1867, Pamph. L. 74; April 2d 1868, 1 Br. Purd. 142, pl. 86 *et seq.*

The judgment of the court was entered October 17th 1872.

PER CURIAM.—The bill in this case was rightly dismissed. The assessment of the plaintiff's stock was expressly authorized by the Acts of 12th April 1867, Pamph. L. 74, and 2d April 1868, Pamph. L. 55. It is made the duty of the assessors, under these acts, to assess the value of the stock, but not to appraise it higher than its current value in the market where the bank is located. If the plaintiff was dissatisfied with the valuation of his stock, he should have appealed to the auditor-general, under the provisions of the Act of 2d April 1868, for such an abatement of its assessed value as might be just and proper. Having failed to appeal, he has no ground of complaint here.

The stock owned by the plaintiff was clearly liable to taxation under the Acts of 29th April 1844, Pamph. L. 497, and 31st March 1870, Pamph. L. 42. The latter act provides that it shall be taxable for state purposes, at the rate of three mills per annum on the assessed value thereof; and for county, school, municipal and local purposes, at the same rate as is or may hereafter be assessed and imposed upon other moneyed capital in the hands of individual citizens of this state. This provision is in strict conformity with the restriction imposed by the Act of Congress of the 10th of February 1868, U. S. Statutes at Large 34. The plaintiff does not allege in his bill that the tax levied by the commissioners on the assessed value of his stock, exceeded the rate assessed and imposed on other moneyed capital in the hands of individual citizens of this state; but that "the said commissioners, on this assessment, have levied a tax of eight mills on the dollar,

[Everitt's Appeal.]

there being some other classes of moneyed capital exempt from county tax under the laws of this state." This allegation is wholly vague and indefinite; but if it were not objectionable on this account, it does not follow that the tax imposed on the plaintiff's stock is illegal, or forbidden by the Act of Congress, because some other classes of moneyed capital are exempt from taxation by law of limited application. The restriction in the Act of Congress is, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state where the bank is located. The act must have a reasonable construction; and it clearly does not mean that the stock of national banks shall not be liable to taxation at all, if some other classes of moneyed capital are exempt from taxation. If the moneyed capital of individual citizens, with certain specified exceptions, is liable to taxation, then the stock of national banks, in the hands of its holders, is also liable to taxation, if made so by the laws of the state where such banks are located. If the assessors had no right, under the Act of Congress, to assess the plaintiff's stock above its par value for purposes of taxation, he should have appealed from the assessment. Not having done so, he must be deemed as having waived any objection to the valuation placed upon his stock by the assessors, and it is too late for him now to insist that the taxation of his stock is illegal because the tax was levied on an assessment made on the basis of its current value in the market, instead of its par value.

The payment by the bank of the tax of one per centum on the par value of all the shares of its stock, under the Act of 31st March 1870, which was applied by the auditor-general, with the consent of the bank, to the tax of 1871, did not relieve the plaintiff's stock from taxation, under the act, for the year 1870. This is too plain for argument.

Decree affirmed at the costs of the appellant.